UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VITO MONACO,

            Plaintiff,

-vs-                                      Case No. 6:04-cv-1785-Orl-22JGG

TANNING RESEARCH LABORATORIES,
INC., d/b/a: Hawaiian Tropic,

            Defendant.

_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

| MOTION: | MOTION TO COMPEL ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS (Doc. No. 23) |
|---|---|
| FILED: | March 31, 2006 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** as unopposed.

| MOTION: | PLAINTIFF'S MOTION FOR ADDITIONAL DEPOSITIONS AND FOR EXTENSION OF DISCOVERY DEADLINE (Doc. No. 30) |
|---|---|
| FILED: | April 17, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Vito Monaco seeks to hold his former employer, Defendant Tanning Research Laboratories, Inc., d/b/a Hawaiian Tropic ("Hawaiian Tropic"), liable for age discrimination in

violation of the Age Discrimination in Employment Act. 29 U.S.C. § 621 ("ADEA") and Fla. Stat. § 760.10. Plaintiff Monaco moves: 1.) to compel responses to his First Request for Admission (Docket No. 23), 2.) for leave to take two depositions in addition to the number allowed, 3.) and for an extension of the May 1, 2006 cut-off date for discovery (Docket No. 30).

I.      **MOTION TO COMPEL DISCOVERY**

Over a year ago, Plaintiff served Defendant with his First Request for Admissions, identifying seventy-five types of documents and asking Defendant to admit or deny that the documents are business records as defined by the Federal Rules of Civil Procedure. Docket No. 23. Defendant responded on May 11, 2005 by stating that Defendant "is unable to evaluate if they are business records . . ." *See id.* at 5. Defendant never supplemented its responses.

Almost a year later, on March 27, 2006, counsel for both parties met in an effort to resolve various discovery issues, and Defendant's counsel told Plaintiff's counsel that he would "check into supplementing these answers." *Id.* Four days later, Plaintiff filed a motion to compel these supplemental answers which included a Local Rule 3.01(g) certificate, stating that counsel attempted to but could not resolve the issue. *Id.* at 20. On April 10, 2006, Defendant responded to Plaintiff's motion to compel by stating that it "is serving a supplemental response to [Plaintiff's First Request for Admissions] which will render Monaco's motion to compel moot." Docket No. 26 at 1. It is unclear why the parties did not resolve this issue without involving the Court. Plaintiff's Motion to Compel (Docket No. 23) is **GRANTED** as unopposed.

## II. MOTION FOR ADDITIONAL DEPOSITIONS AND EXTENSION OF DISCOVERY DEADLINE

Plaintiff seeks leave to take two additional depositions, and requests that the Court extend the discovery deadline from May 1, 2006 to May 17, 2006. The last day to file dispositive motions is June 5, 2006. Docket No. 12 at 1. Defendant opposes the motion. Docket No. 30 at 5. Absent leave of the Court, parties may take no more than ten depositions per side, not per party. Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Plaintiff wishes to take depositions of two people who also work for Defendant – two people of which Plaintiff has been aware since at least December 2005, when Plaintiff had not yet scheduled all ten depositions. Docket No. 30 at 1, ¶ 1. In addition, Plaintiff has failed to show "good cause" to extend the discovery deadline. Fed. R. Civ. P. 16(b); Docket No. 12 at 5, ¶IIB(5). Plaintiff's Motion for Additional Depositions (Docket No. 30) is **DENIED**. Plaintiff's request for an extension of discovery is is **DENIED** without prejudice.

## III. ORDER TO MEET AND CONFER ON REMAINING DISCOVERY ISSUES

Plaintiff also filed motions to compel responses to his Second and Third Requests for Production and his First, Second, and Third Interrogatories, asking that the Court resolve <u>numerous</u> discovery disputes. Docket Nos. 21, 22. A hearing on the motions has been set for Thursday, May 4, 2006. Docket No. 29. Prior to the hearing, on or before April 28, 2006, counsel for both parties shall meet and confer <u>in person</u> to make a lengthy and significant effort to resolve (or at at least <u>narrow</u>) the matters raised in both motions. Nothing precludes earlier conferences by telephone that

resolve all pending issues. On or before May 2, 2006, the parties shall jointly file a certificate in writing of the issues that have been resolved and remain to be resolved at the hearing.

**DONE** and **ORDERED** in Orlando, Florida on April 19, 2006.

James G. Glazebrook<br/>
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties