UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VITO MONACO,

              Plaintiff,

-vs-                                              Case No. 6:04-cv-1785-Orl-22JGG

TANNING RESEARCH LABORATORIES,
INC., d/b/a: Hawaiian Tropic,

              Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO ABATE COSTS AND OBJECTION TO CLERK'S TAXATION OF BILL OF COSTS (Doc. No. 78)** |
| **FILED:** | August 28, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. Plaintiff filed an amended motion at Docket No. 79. ||

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION TO ABATE COSTS AND OBJECTION TO CLERK'S TAXATION OF BILL OF COSTS (Doc. No. 79)** |
| **FILED:** | August 30, 2006 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** as unopposed. ||

# I. THE LAW

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[1] Congress has delineated which costs are recoverable under Rule 54 (d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920;[2] *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996); *Desisto Coll., Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 911 (M.D. Fla. 1989) (declined to follow on other grounds by *EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000)).

---

[1] Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs: but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[2] Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
>
> In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

To rebut the presumption that the prevailing party receives costs, the losing party "must demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing side." *Desisto Coll., Inc.*, 718 F.Supp. at 911 (quotations omitted). Thus, when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter "within the exclusive knowledge of the prevailing party." *See Desisto Coll., Inc.*, 718 F. Supp. at 910 n.1.

## II. APPLICATION

On August 22, 2005, the Honorable Anne C. Conway entered summary judgment in favor of Defendant on all claims. Docket No. 74. The next day, the Clerk entered judgment in favor of Defendant, and closed the case. Docket No. 75. Defendant submitted its proposed bill of costs in the amount of $4,631.81, and the Clerk taxed costs against Plaintiff in the amount of $4,631.81. Docket Nos. 76, 77.

Plaintiff timely filed a Motion to Abate Costs and Objection to Clerk's Taxation of Bill of Costs. Docket No. 78. Plaintiff subsequently filed a second Motion to Abate Costs and Objection to Clerk's Taxation of Bill of Costs. Docket No. 79. In both motions, Plaintiff asks this Court to strike a number of the costs taxed against him, including: 1.) $90 for costs of "mini depositions" and discs of depositions; 2.) $774.26 for "delivery rush" and "overnight delivery" fees for transcriptions of depositions; and 3.) $1,125 for the mediation fee. Docket Nos. 78 at 4, 79 at 4. Plaintiff's second motion contains an amended Local Rule 3.01(g) certificate in which Plaintiff's counsel certifies that Defendant's counsel "advised Plaintiff's counsel that the costs objected to . . . would be waived by Defendant." Docket No. 79 at 6.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Abate Costs [Docket No. 78] be **DENIED** as moot. It is

**FURTHER RECOMMENDED** that Plaintiff's Amended Motion to Abate Costs [Docket No. 79] be **GRANTED** as unopposed. It is

**FURTHER RECOMMENDED** that the costs judgment against Plaintiff [Docket No. 77] should be reduced in the amount of $1989.26 as follows: 1.) $90 for depositions costs; 2.) $774.26 for delivery rush and overnight delivery fees; and 3.) $1,125 in mediation fees. It is

**FURTHER RECOMMENDED** that Defendants recover costs in the amount of $2,642.55.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 30, 2006.

                                                   _____
                                                   James G. Glazebrook
                                                   United States Magistrate Judge

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy